# United States District Court

Eastern District of California

UNITED STATES OF AMERICA         CRIMINAL COMPLAINT

V.

JONES, JENNIFER JEAN

I, Park Ranger Billie Patrick, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In Yosemite National Park, in the Eastern District of California, Jennifer Jean JONES did:

> **Count 1:** Whoever within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: **ASSAULT** by striking, beating, or wounding in violation of 18 USC 113 (a)(4).
> **Maximum Penalty:** 6 months imprisonment or $5,000 fine or both.
>
> **Count 2:** Be present in a park area when under the influence of alcohol and/or a controlled substance to a degree that might endanger herself, another person or damage property or park resources in violation of 36 CFR 2.35 (c).
> **Maximum Penalty:** 6 months imprisonment or $5,000 fine or both.
>
> **Count 3:** Engage in fighting, threatening, or in violent behavior in violation of 36 CFR 2.34 (a) (1).
> **Maximum Penalty:** 6 months imprisonment or $5,000 fine or both.
>
> **Count 4:** Make noise unreasonable considering the nature and purpose of the actor's conduct, location, time of day or night in violation of 36 CFR 2.34 (a) (3).
> **Maximum Penalty:** 6 months imprisonment and $5,000 fine.

I further state that I am a Park Ranger and that this complaint is based on the following facts and investigation supplied to me by National Park Service rangers:

Continued on the attached sheet and made a part hereof: X Yes     G No

Speedy trial applies:                                    G Yes    X No

On January 14, 2010 at approximately 2335 hrs, Rangers S. Cave, M. Hinchberger, and S. Kupersmith were dispatched to Lost Arrow Dorms #119 for a possible domestic violence. Rangers arrived on scene and contacted Jennifer Jean JONES and Kenneth Lee LOGUE. Ranger Cave talked to LOGUE outside cabin 119 while Ranger Kupersmith talked to JONES inside cabin 119. JONES had an odor of alcohol on her person, slurred speech, and watery eyes. She was unable to stand without support, and several times had to be caught from falling by Ranger Kupersmith. She also had a red welt above her right eye. JONES stated she was "too drunk" from drinking at the Mountain Room Bar with LOGUE. She stated she felt sick and came home on the DNC shuttle bus, and that she consumed four liquor drinks at the bar. She further stated she attempted to move from her chair to the bed in her cabin but fell and hit her head on the heater at the floor, causing the red welt. She stated she had also vomited, but neither she nor Ranger Kupersmith could find the vomit in the room. She also stated she was diabetic and did not know what her blood sugar was.

When Ranger Kupersmith arrested JONES for 36 CFR 2.35( c)-under the influence of alcohol, JONES stated she needed to vomit, and Ranger Kupersmith took her to the porch so she would not vomit in the cabin. Once outside of the cabin, Ranger Kupersmith began a search incident to arrest of JONES. JONES held her breath until she lost consciousness, falling onto Ranger Kupersmith, who lowered her to the ground with assistance from DNC security officers. When she came to, JONES began to hyperventilate until she again lost consciousness, and Ranger Kupersmith called for a paramedic. When the ambulance arrived, JONES was put on the Gurney and secured to it with handcuffs. Almost immediately JONES began thrashing on the Gurney, nearly tipping it over. Two rangers, an EMT, and two security guards were needed to hold JONES down so she did not flip the Gurney over. EMT Cori Goggin and Ranger Hinchberger were located at JONES' feet, and she continually kicked at them to the point Goggin applied soft restraints to JONES' feet. During this time JONES yelled and screamed, and at least 10 neighbors came out of their cabins to investigate the noise even though it was already past midnight and many of them were in their pajamas. While the restraints were being applied, JONES groped at Ranger Kupersmith's duty belt. Ranger Kupersmith knocked JONES' hand away, and JONES grabbed for Ranger Kupersmith's belt again. Ranger Kupersmith grabbed JONES' hand and delivered three close hand strikes to JONES' arm while shouting at JONES to "let go of (her) belt!" JONES let go after the third strike.

As JONES was loaded into the back of the ambulance, she began spitting,

hitting Paramedic Kelly Kjelstrom, EMT Goggin, and Ranger Kupersmith with spit multiple times.  She was spitting so much, Kjelstrom pinned JONES' head to the Gurney with his hands and knees to prevent being spit on.  JONES never stopped thrashing or yelling.  Kjelstrom later reported that JONES bit him on the leg.  Ranger Kupersmith also witnessed JONES grab Kjelstrom's left hand and twist the fingers, causing pain.  Ranger Kupersmith observed JONES attempt to do the same thing to Hinchberger's hand.

Continued on the attached sheet and made a part hereof:  X Yes    G No

Speedy trial applies:                                    G Yes    X No

At the Yosemite Medical Clinic, JONES continued to thrash, kick, spit and scream.  She was ultimately administered sedative drugs to clam her down.  Full body immobilization was needed to restrain her to the bed so she did not thrash off the bed and hurt herself further.  Clinic tests confirmed that JONES was not suffering from a low blood-sugar event.

I declare under penalty of perjury that the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

Executed on: 1/19/2010
Date

_____
Park Ranger
Yosemite National Park
California

Sworn to before me and subscribed in my presence this 19th day of January, 2010, at Yosemite National Park, California.

_____
Gary Austin
U.S. Magistrate Judge
Eastern District of California